**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | CRIMINAL NO. |
| | 3:05cr7 (SRU) |
| RICHARD BRECKENRIDGE | |

## RULING ON MOTION FOR A NEW TRIAL and MOTION FOR JUDGMENT OF ACQUITTAL

On February 24, 2006, a jury convicted Richard Breckenridge of one count of witness tampering, through threats, intimidation, or corrupt persuasion, made in person.  The jury acquitted Breckenridge of a second count of witness tampering, through threats, intimidation, or corrupt persuasion, made by telephone. The jury could not reach a verdict on the final count – possession of a firearm or ammunition by a person previously convicted of a crime with a penalty of more than one year imprisonment.  Breckenridge has filed a motion for judgment of acquittal and a motion for a new trial.  He argues that, pursuant to Rule 29(c) of the Federal Rules of Criminal Procedure, the court should issue a judgment of acquittal because the evidence presented at trial was insufficient to sustain the conviction on the in-person witness tampering charge.  In addition, Breckenridge moves for a new trial under Rule 33 on the ground that the verdicts were irreconcilably inconsistent and that the jury, therefore, disregarded my jury instructions.

The evidence at trial was sufficient to sustain a verdict of guilty on the in-person witness tampering count, and the verdicts are not irreconcilably inconsistent.  Accordingly, Breckenridge's motions are denied.

I.      **Standard of Review**

      A.      <u>Motion for Judgment of Acquittal</u>

      "A defendant seeking to overturn a conviction on the ground that the evidence was insufficient bears a heavy burden." *United States v. Best*, 219 F.3d 192, 200 (2d Cir. 2000).  A reviewing court must consider the evidence as a whole, not in isolation, and must defer to the jury's determination of the weight of the evidence, credibility of witnesses, and competing inferences that can be drawn from the evidence.  *Id.*  The prosecution's proof does not need to exclude every possible hypothesis of innocence.  *Id.*

      In short, the reviewing court must view the evidence in the light most favorable to the prosecution and must reject the sufficiency challenge if it concludes that "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original).

      B.      <u>Motion for a New Trial</u>

      A trial court has "broad discretion . . . to set aside a jury verdict and order a new trial to avert a perceived miscarriage of justice." *United States v. Sanchez*, 969 F.2d 1409, 1413 (2d Cir. 1992).  In exercising that discretion, the court may weigh the evidence and evaluate the credibility of witnesses.  *Id.*  Nevertheless, the court should generally defer to the jury's credibility assessments and intrude upon that function only in exceptional circumstances, such as when "testimony is patently incredible or defies physical realities."  *Id.* at 1414.  Even if the court rejects some or all of a witness's testimony, the test for determining if a new trial should be ordered remains whether "it would be a manifest injustice to let the guilty verdict stand."  *Id.* (internal quotation omitted).

In other words, in order to grant a new trial under Rule 33, the court must answer "no" to the following question: "Am I satisfied that competent, satisfactory and sufficient evidence in this record supports the jury's finding that this defendant is guilty beyond a reasonable doubt?" *Id.*

## II.    Discussion

### A.    Sufficiency of the Evidence

Breckenridge argues that the government presented insufficient evidence at trial from which any rational jury could have convicted him of in-person witness tampering.

A person is guilty of witness tampering if the government proves the following two elements beyond a reasonable doubt: (1) that the defendant knowingly intimidated, threatened, or corruptly persuaded another person, or attempted to do so, or engaged in misleading conduct toward that person; and (2) that the defendant had the intent to influence that person in an official proceeding.  18 U.S.C. § 1512(b)(1).  There is an affirmative defense to witness tampering, known as "truth-seeking lawful conduct."  In order for the truth-seeking defense to apply, the defense must prove by a preponderance of the evidence that: (1) the defendant's sole intention was to encourage or induce the other person to testify truthfully or not to testify falsely; and (2) that the defendant's conduct toward the other person was lawful.  *See* Jury Instructions (doc. #90).

Breckenridge argues that the only evidence of witness tampering was evidence that Breckenridge was physically larger and stronger than Gardner.  In fact, however, the trial record contained more evidence than that.  At trial, Andrew Gardner testified to the following.  He said that about two or three hours after Breckenridge was arrested, he visited Gardner at the home

where Gardner's child lived.  Breckenridge asked Gardner to take the weight for him on the gun

possession charge, because Breckenridge would be facing a much longer prison sentence than

Gardner would face if Gardner "took the weight."  Breckenridge subsequently visited Gardner

about every other day to ask Gardner to take the weight for him.  When Breckenridge asked

Gardner to take the weight, he would get very close to Gardner's face and use a deep voice.

Because Breckenridge invaded Gardner's personal space and used a commanding tone of voice,

in addition to the fact that Breckenridge was significantly larger and more muscular than

Gardner, those encounters made Gardner feel scared and nervous.  Although Breckenridge never

threatened Gardner directly, a friend indicated to Gardner that he should take the weight, so that

Gardner would not get hurt.

Based on that evidence, a rational jury could have found the essential elements of the in-

person witness tampering crime beyond a reasonable doubt.  Accordingly, Breckenridge's motion

for acquittal is denied.  To the extent that Breckenridge seeks a new trial on this ground, that

relief is also denied.  Under that more generous standard, there was competent, satisfactory and

sufficient evidence in the record to support the jury's finding that Breckenridge is guilty beyond a

reasonable doubt.  It would not be a manifest injustice to let the guilty verdict stand.

B.      Consistency of the Verdicts

The jury's verdicts are consistent.  A finding of guilt on the charge of possession of a

firearm by a person previously convicted of an offense carrying a term of imprisonment of over

one year is not a pre-requisite to a finding of guilt on the witness tampering charge.  Once the

government decided to charge Breckenridge with the witness tampering counts, in theory, it did

not even need to pursue the gun possession charge.  The jury's failure to reach a verdict on the

gun possession charge, therefore, does not affect the guilty verdict on the witness tampering charge.

The possession charge has three elements: (1) that Breckenridge was convicted of a prior qualifying felony; (2) that Breckenridge knowingly possessed a firearm or ammunition; and (3) that the firearm or ammunition traveled in interstate commerce.  18 U.S.C. § 922(g).

Those elements have nothing to do with the required elements of a witness tampering charge.  The jury could even have determined that Breckenridge did not commit the possession offense, and still logically have found that he intimidated, threatened, or corruptly persuaded Andrew Gardner with the intent of influencing Gardner's testimony in an official proceeding.  Even though the jury did not find Breckenridge guilty of the possession charge, a rational jury could have nevertheless found that Breckenridge: (1) knowingly intimidated, threatened, or corruptly persuaded Gardner; (2) in order to influence Gardner's testimony before the grand jury; and that (3) the truth-telling defense did not apply.

A rational jury could have found that the truth-telling defense did not apply, because either or both of the following were true:  (a) Breckenridge was not trying to get Gardner to tell the truth, that is, Gardner was not responsible, but Breckenridge was trying to influence him to take responsibility; and/or (b) even if Breckenridge was trying to get Gardner to tell the truth, the methods Breckenridge used to persuade Gardner were unlawful.  In sum, even if Breckenridge was not guilty of the possession charge, if he used unlawful methods to get Gardner to testify, then Breckenridge would be guilty of witness tampering and the truth-telling defense would not apply.  At trial, there was sufficient evidence from which a rational jury could find that Breckenridge engaged in the crime of witness tampering, even though he was not found guilty of

gun possession charge.  Thus, the verdicts are not irreconcilably inconsistent, and therefore, it is not apparent that the jury disregarded my instructions.  It would not be a manifest injustice to let the guilty verdict stand.

**III.     Conclusion**

Breckenridge's Motion for Judgment of Acquittal and Motion for a New Trial (**doc. # 96**) are **DENIED**.

It is so ordered.

Dated at Bridgeport, Connecticut, this 30th day of January 2007.

/s/ Stefan R. Underhill_____
                     Stefan R. Underhill
                     United States District Judge

-6-